WALTER O'QUIN v. STATE.

No. A-4860. Opinion Filed April 15, 1925.
(235 Pac. 247.)

(Syllabus.)

**Intoxicating Liquors—Unlawful Transportation—Conviction Sustained.**
In a prosecution for unlawfully transporting intoxicating liquor,

evidence held to warrant a conviction, and that no material error was committed on the trial.

Appeal from County Court, Oklahoma County; Jas. C. Cheek, Judge.

Walter O'Quin was convicted of the unlawful transportation of intoxicating liquor, and he appeals. Affirmed.

Lewis R. Morris and Orban C. Patterson, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charges that Walter O'Quin, on April 23rd, 1923, did unlawfully transport and convey two gallons of whisky from a place in Oklahoma county unknown to 525 West California street in Oklahoma City. The verdict of the jury found the defendant guilty as charged in the information and assessed his punishment at a fine of $500 and confinement in the county jail for a period of six months. From the judgment rendered on the verdict, he has appealed and assigns as error that the verdict is contrary to the law and the evidence; that the court erred in its rulings on the admission and rejection of evidence, and the court erred in overruling the motion for new trial on the ground of newly discovered evidence.

No brief in support of the assignments of error has been filed and no appearance made in behalf of defendant in this court.

The evidence shows that three police officers raided the defendant's home, 525 West California street, Oklahoma City, and were there when the defendant drove in from the rear in a five-passenger Ford car with a woman in the seat beside him. One of the officers took a pistol from the defendant, another pointed to a black bag in the car between the seats which contained four half-gallon jars of corn whisky, and asked defendant what about the whisky

in the car. The defendant said: "It is all mine. The women had nothing to do with it." They arrested the defendant. The state rested, and the defendant moved for a directed verdict in the form of a demurrer to the evidence, which was overruled.

As a witness in his own behalf, defendant testified that a lady called him from Packingtown and he drove out there; that if there was any whisky in the hand bag it was put in his car at Packingtown; that he drove from Packingtown to his place and was there arrested by the officers; that he did not say anything to the officers about the whisky, but did tell them that he had a gun on him, and did not want to lose it.

Where no brief has been filed or oral argument made, we do not consider it the duty of this court to go into a careful examination of the evidence to determine whether or not the trial court erred in the admission or rejection of testimony.

The motion for a new trial on the ground of newly discovered evidence is supported by the affidavit of one Edith Womble that she called the defendant and he came to get her in Packingtown, and she took a hand bag containing four fruit jars of whisky and set it in defendant's car, and he stated that he wanted to go by his house, at which place he was arrested; that defendant did not know what the hand bag contained until he was arrested.

That this motion was properly overruled is too clear to call for discussion.

No reversible error appearing, the judgment of the lower court is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.